UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY R. FOLTZ,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

CASE NO. C08-5285BHS

REPORT AND RECOMMENDATION

Noted for January 16, 2009

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed.

Significantly, the parties agree Plaintiff's medical evidence was reviewed erroneously at the administrative level. Defendant argues the ALJ made certain errors, requiring remand to the administration for further consideration. In contrast, Plaintiff argues the errors made by the ALJ make it necessary to reverse the administrative decision and remand only for an award of appropriate benefits. Plaintiff also argues, if the matter is remanded for further consideration, that a different ALJ should be assigned to the matter. After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Timothy Foltz, was born in 1967. Mr. Foltz has worked as a rigger, painter, maintenance assistant, stockroom clerk, carpenter, and engineering assistant. He has not worked since 2002 or 2003.

REPORT AND RECOMMENDATION
Page - 1

His last job was loading food on Navy ships for Pride Industries. (Tr. 662). He worked there only three months. While on that job, he hurt his back twice: Once on his landlord's property, once on the job.

Mr. Foltz testified that he can't work primarily due to mental limitations. He stated, "I can't handle the fact that when I was younger at keg parties, I was hypnotized and raped a couple of times, and I cannot handle it physically." (Tr. 665). He began using drugs around age 17 or 19. (Tr. 665). He thought he was psychic with ESP and telepathy in his brain and he could hear it over the radio and TV, and he has been called names like Prophet Timothy. (Tr. 666). He does not think this was caused by drug use. (*Id.*) He used drugs intermittently in the past. (*Id.*) Mr. Foltz testified that the last time he used street drugs was in December 2006, right before he was hospitalized for pneumonia. (Tr. 667). Dr. Ritland has regularly administered drug tests on him since September 2004. (Tr. 667-68). He recalled failing these tests only twice; once for marijuana, once for cocaine. (Tr. 668). Mr. Foltz testified that he also took methamphetamine once, when he was hospitalized, and he mistakenly told a doctor he had used methadone when he meant methamphetamine.

Plaintiff filed an application for Social Security Disability benefits on November 6, 2003, alleging disability since January 25, 2003, due to sciatica, arthritis, knee impairment, hypertension, insomnia, widespread pain, and mental impairment. (Tr. 74, 79, 99, 118). His application was denied initially and on reconsideration. (Tr. 57-61, 64-67). Mr. Foltz filed a hearing request, and a hearing was held before an Administrative Law Judge ("ALJ") on June 22, 2007. (Tr. 655-701). On November 9, 2007, the ALJ issued a decision in which she found that Mr. Foltz was not disabled. (Tr. 15-30). Mr. Foltz requested review by the Appeals Council which, on February 8, 2008, denied his request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 5-9).

Plaintiff filed the instant complaint for judicial review on or about May 2, 2008, and in his opening brief, plaintiff argued the ALJ's decision was not properly supported by substantial evidence and not free of any legal error. Plaintiff raised several issues regarding the validity of the ALJ's decision. In response to plaintiff's opening brief and arguments made therein, defendant conceded the ALJ erred in making her decision. Defendant specifically concedes the ALJ erred in evaluating the medical evidence, including opinions from Kristine S. Harrison, Psy.D., Sandra Ritland, M.D., and Larry Hull, M.D. (Tr. 21-23, 27, 460, 464, 553). Defendant understands this error affected the remainder of the ALJ's analysis,

including the other issues Plaintiff raises. As noted above, the only issue before the court is the form of the remedy or remand to the administration.

## DISCUSSION

Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

After reviewing the arguments presented, the court finds the matter should be remanded for further proceedings. There are several unresolved issues for the administration to consider. For instance, remand for further proceedings would clarify Plaintiff's severe impairments and functional limitations, whether he could perform other work, and the materiality of his substance abuse if not. Plaintiff argues for reversal and an award of benefits based on the argument that the court should credit the medical evidence supporting disability as true. Evidence should be credited and an immediate award of benefits directed only when there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996). Here, it is unclear whether or not Plaintiff is disabled. For instance, medical evidence within the record contradicts Plaintiff's disability claim, and several doctors concluded that he could work. (Tr. 132, 155-57, 197, 394, 549). The administrative must be given the opportunity to correct its errors and weigh the evidence appropriately to determine if Mr. Foltz is disabled and entitled to benefits.

Finally, the court must address Plaintiff's request that the court direct the matter to a different ALJ on remand. The selection of a new ALJ on remand has been considered to be within the discretion of the Commissioner of the Social Security Administration. Hartnett v. Apfel, 21 F.Supp.2d 217, 222

(E.D.N.Y.1998) (*citing* Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir.1993)) ( "As a general matter, courts have held that whether a case is remanded to a different ALJ is a decision for the Commissioner to make." ). There have been several instances, however, in which courts (including this court) have ordered or recommend that the Commissioner assign a case to a different ALJ on remand. In Kolodnay v. Schweiker, 680 F.2d 878, 879-80 (2d Cir.1982), the court remanded to a new ALJ because the original ALJ had failed to adequately consider the medical evidence. *See also*, Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir.1996) (remanding to a new ALJ because of the original ALJ's failure to support his findings with evidence reflected that "the process was compromised." ); Ventura v. Shalala, 55 F.3d 900, 904 (3d Cir.1995) (remanding to a new ALJ because of original ALJ's offensive conduct).

Remand to a different ALJ is based on the premise that impartiality of the ALJ is "integral to the integrity of the [disability review process]. " Miles, 84 F.3d at 1401 (internal citations omitted). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Remand to a new ALJ is necessary in those situations which compromise that integrity. Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party. Sutherland v. Barnhart, 322 F.Supp.2d 282, (E.D. NY 2004); *see also* 20 C.F.R. § 404.940.,

Here, Plaintiff does not point to any conduct of the ALJ, other than her adverse decision, to warrant remand to a new ALJ. The ALJ did not demonstrate any bias or prejudice in her decision. The decision is simply based on an error of consideration of the medical evidence and the analysis that flowed from that consideration. Therefore, it is inappropriate for the court to remand the matter a different ALJ, although the administration retains full discretion to do so if it so chooses.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the

administration with the direction that the Commissioner assign a new ALJ.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 16, 2009**, as noted in the caption.

DATED this 24th day of December, 2008.

                                       */s/ J. Kelley Arnold*
                                       J. Kelley Arnold
                                       U.S. Magistrate Judge